OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS


February 12, 2001

The Honorable Rodney Ellis
Chair, Finance Committee
Texas State Senate
P.O. Box 12068
Austin, Texas 78711-2068

Opinion No. JC-0339

Re: Whether an individual may simultaneously serve as director of a municipal utility district and member of the city zoning commission (RQ-0281-JC)

Dear Senator Ellis:

You ask whether an individual who serves as director of Harris County Municipal Utility District No. 122 (the "MUD") may also serve as a member of the Planning and Zoning Commission for the City of Missouri City (the "Planning and Zoning Commission"). We conclude that one person is barred from holding both offices by the common-law doctrine of incompatibility as well as by a city ordinance.

Article XVI, section 40 of the Texas Constitution provides that "[n]o person shall hold or exercise at the same time, more than one civil office of emolument," subject to exceptions that are not relevant to your question. TEX. CONST. art. XVI, § 40. We are informed, however, that members of the Planning and Zoning Commission serve without compensation.[1] If a member of the Planning and Zoning Commission does not receive compensation, he or she is not a civil officer of emolument, and article XVI, section 40 of the Texas Constitution would not bar one person from serving on that body and holding another office.

The common-law doctrine of incompatibility may, however, prevent this dual service, whether or not a member of the Planning and Zoning Commission receives compensation for that position. See Tex. Att'y Gen. LOs 93-070, at 3-4; 88-049, at 2 (compensation is not relevant to determining whether offices are incompatible). The common-law doctrine of incompatibility bars one person from holding two offices if their duties conflict. Thomas v. Abernathy County Line Indep. Sch. Dist., 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted). The opinion in Thomas v. Abernathy County Line held that the offices of school trustee and city alderman were incompatible. Id. at 153. The boundaries of the two jurisdictions overlapped, and the board of aldermen had authority over health, quarantine, sanitary, and fire prevention regulations applicable

---

[1] Letter from Mr. James H. Ragan, Jr., to Senator Rodney Ellis (Sept. 5, 2000) (attachment to request letter from the Honorable Rodney Ellis, Texas State Senate, to the Honorable John Cornyn, Texas Attorney General (Sept. 7, 2000) (on file with Opinion Committee).

to school property. *Id.* If the same person were both a school trustee and a member of the board of aldermen at the same time, one office might impose its policies on the other. *See generally* Tex. Att'y Gen. Op. No. JC-0270 (2000) at 2. Accordingly, we consider whether directors of municipal utility districts and members of the Planning and Zoning Commission are officers.

Municipal utility districts ("MUDs") are created under the authority of article XVI, section 59 of the Texas Constitution. TEX. WATER CODE ANN. § 54.011 (Vernon 1972). They are subject to chapters 49 and 54 of the Water Code, which apply respectively to general law water districts and to municipal utility districts. *See id.* §§ 49.001(a), 54.001 (Vernon 1972 & Supp. 2001). Municipal utility districts are created for the water control, storage, and distribution purposes stated in section 54.012 of the Water Code. *Id.* § 54.012 (Vernon 1972). They are governed by a board of directors, who are elected to four-year terms. *Id.* §§ 49.051, .103 (Vernon 2000).

The Board is responsible for "the management of all the affairs of the district." *Id.* § 49.057. It may levy and collect a tax for operation and maintenance purposes, *id.* § 49.107, issue bonds, notes, or other obligations to borrow money for its purposes, *id.* § 49.152, and exercise various other powers set out in Water Code chapter 49. *See, e.g., id.* §§ 49.153, .154 (issuance of revenue notes and bond anticipation notes); 49.212 (adoption of charges, fees, or rentals for provision of district services). The Texas Supreme Court has stated the following test for determining whether an individual holds a public office: "The determining factor which distinguishes a public officer from an employee is whether any sovereign function of the government is conferred upon the individual to be exercised by him for the benefit of the public largely independent of the control of others." *Aldine Indep. Sch. Dist. v. Standley*, 280 S.W.2d 578, 583 (Tex. 1955); *see also* Tex. Att'y Gen. Op. No. JC-0184 (2000) at 2 (director of a municipal utility district is a public official for purposes of Government Code, chapter 573, relating to nepotism). A director of a MUD is a public officer within the test stated by the Texas Supreme Court in *Aldine*.

We next consider whether members of the Missouri City Planning and Zoning Commission are officers. Zoning authority is delegated to municipalities by Local Government Code, chapter 211. To exercise the power authorized by this subchapter, the governing body of a home-rule city shall appoint a zoning commission. TEX. LOC. GOV'T CODE ANN. § 211.007 (Vernon 1999); *see id.* (if municipality has a municipal planning commission, it may appoint that commission to serve as the zoning commission). The legislature has authorized a city to delegate some part of its sovereign power to the zoning commission it creates. *See id.* §§ 211.006(f) (city council may provide that vote of three-fourths of its members is required to overrule zoning commissioners' recommendation to deny proposed change to regulation or boundary); 211.007(b) (governing body of a home-rule city may not take action on a matter until it receives the final report of the zoning commission); *see generally* Tex. Att'y Gen. Op. No. JM-704 (1987) at 2 (concluding that members of the Lufkin City Zoning and Planning Commission are civil officers of emolument); *see also* Tex. Att'y Gen. Op. No. DM-309 (1994) at 2 (member of Dallas Planning and Zoning Commission is a "local public official" within Local Government Code chapter 171). If the Missouri City Planning and Zoning Commission exercises governmental powers delegated by the city council, its members will be public officers.

The Planning and Zoning Commission of Missouri City consists of nine citizens of Missouri City who are appointed by the city council for a term of two years. *See* MISSOURI CITY, TEX., CHARTER ART. VIII, § 8.01 (1986); *see also* MISSOURI CITY, TEX., CODE § 2-132. The commission is responsible for final approval of plats under chapter 212, subchapter A of the Local Government Code. *See* TEX. LOC. GOV'T CODE ANN. § 212.006 (Vernon 1999); MISSOURI CITY, TEX., CODE § 82-5(a) (1981) (Planning and Zoning Commission authorized to approve final plat, plan or plat of a subdivision). In addition, the commission may grant a developer a variance from a rule or regulation on subdivisions under the circumstances set out in the city code. MISSOURI CITY, TEX., CODE § 82-7 (1981). In our opinion, members of the Missouri City Planning and Zoning Commission exercise a sovereign function of the government "for the benefit of the public largely independent of the control of others" within the *Aldine* test and are therefore public officers.

Our next consideration is whether members of the Missouri City Planning and Zoning Commission have powers and duties that are incompatible with the powers and duties of a director of Harris County Municipal Utility District No. 122. The city attorney states that during the plat approval process, the Planning and Zoning Commission requires submittal of preliminary utility plans to assist in determining the feasibility of a proposed development.[2] The nature and location of water and sewer services must be identified, and the plat must show utility easements and facilities such as utility plants. The city attorney suggests that a member of the Planning and Zoning Commission who is a director of a MUD may have divided loyalties when the proposed development is located within the MUD on whose board he serves. In this situation, the Planning and Zoning Commission is able to control and impose its policies on the MUD, by determining the manner and placement of the MUD's facilities.

On the basis of *Thomas v. Abernathy County Line Independent School District*, 290 S.W. 152 (Tex. Comm'n App. 1927, judgm't adopted), we agree with the city attorney that the two offices are incompatible, and that a member of the Planning and Zoning Commission who also serves on Harris County Municipal Utility District No. 122 would have divided loyalties in facing decisions that affected his MUD. We conclude that the common-law doctrine of incompatibility prevents a member of the Missouri City Planning and Zoning Commission from at the same time serving as director of a municipal utility district with territory within the boundaries of Missouri City.

Finally, the city council of Missouri City has adopted the following ordinance establishing the qualifications of members of the Planning and Zoning Commission: "A member of the Planning and Zoning Commission may not hold another public office while serving as a Planning and Zoning Commission member." MISSOURI CITY, TEX., CODE § 2-136 (2000).

A home-rule city may adopt any ordinance that is not inconsistent with the constitution, general laws, or its city charter. TEX. CONST. ANN. art. XI, § 5 (Vernon 1993). We are not aware of any provision of the constitution, laws, or the Missouri City charter which is contrary to the city

---

[2]Letter from Mary Ann Pruett, City Attorney of Missouri City, to Ms. Susan D. Gusky, Chair, Opinion Committee (Oct. 11, 2000) (on file with Opinion Committee).

ordinance, and none has been pointed out to us. *See generally* TEX. LOC. GOV'T CODE ANN. §§ 26.041 (Vernon 1999) (home-rule city may create offices and prescribe qualifications for officers); 211.007(a) (governing body of a home-rule city shall create a zoning commission). This city ordinance prohibits a member of the Missouri Planning and Zoning Commission from at the same time holding office as director of a municipal utility district.[3]

---

[3]The city attorney also informs us that Missouri City has 17 in-city MUDs that provide water and sewer services to its citizens. The city has begun a regionalization program for wastewater treatment services that involves building regional wastewater treatment plants and contracting with MUDs to treat their wastewater at a regional plant. The city has contracted with two in-city MUDs and is negotiating with two others to provide this service, but the city attorney does not indicate that the city has contracted or plans to contract with Harris County Municipal Utility District No. 122. In view of our conclusion based on other facts, we need not consider whether these facts alone would make service as director of Harris County Municipal Utility District No. 122 incompatible with service on the Planning and Zoning Commission.

## S U M M A R Y

A director of a Municipal Utility District holds a public office, as does a member of the Planning and Zoning Commission of the City of Missouri City. Because the duties of the two offices are in conflict where they have overlapping jurisdiction, the common-law doctrine of incompatibility bars one person from holding both offices. A Missouri City ordinance also prohibits a member of the Planning and Zoning Commission from holding another public office while serving as a Planning and Zoning Commission member.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Susan L. Garrison
Assistant Attorney General - Opinion Committee